UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

TODD HENDERSON,

                                          Plaintiff,

                - versus -

MICHAEL KELLY, CHANDRA GOMES,
113th PRECINCT, NEW YORK CITY, NEW
YORK CITY POLICE DEPARTMENT,
JOHN DOE POLICE OFFICER,

                                          Defendants.

ORDER
13-cv-5738

JOHN GLEESON, United States District Judge:

On October 1, 2013, plaintiff Todd Henderson, currently incarcerated at Rikers Island, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 in the Southern District of New York.  *See* Compl., ECF No. 2.  On October 2, 2013, Henderson's application to proceed *in forma pauperis* was granted by Chief Judge Loretta Preska.  ECF No. 3.  Henderson's complaint was transferred to this Court from the Southern District of New York on October 15, 2013.  ECF No. 4.  For the reasons discussed below, I dismiss Henderson's claims against the City of New York (the "City"), the New York Police Department ("NYPD"), the 113th Precinct, and Legal Aid Attorney Chandra Gomes.  Henderson's claims against the remaining defendants shall proceed.

BACKGROUND

Henderson alleges that he was falsely arrested on April 4, 2012, by Detective Michael Kelly and other John Doe police officers from the 113th Precinct for selling a controlled substance.  Compl., ECF No. 2, at 3.  The charges were later dropped "due to failure to gain

enough evidence to convict . . . ."  *Id.*  Henderson claims that his wrists were bruised from the handcuffs.  *Id.*  He also asserts that Gomes, his court-appointed attorney, gave him bad legal advice.  *Id.* at 5.  Henderson seeks damages of $15,000,000.  *Id.*

## STANDARD OF REVIEW

In reviewing Henderson's complaint, I am mindful that he is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks omitted).  Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id*. at 474 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a *pro se* compliant liberally.").

A district court shall dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A.

## DISCUSSION

A.  *Claims Against the NYPD and 113th Precinct*

As an initial matter, Henderson's claims against the NYPD and the 113th Precinct fail because these defendants are not suable entities.  The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be

brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396.  The NYPD is an agency of the City of New York and is a non-suable entity.  *See*, *e.g.*, *Campbell v. NYC City*, No. 12-cv-2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (dismissing all claims against the NYPD and New York Department of Corrections as non-suable entities).  Similarly, police precincts lack independent legal existence and cannot be sued.  *See Wingate v. City of New York*, No. 08-cv-217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008).

B.  *Claim Against the City of New York*

Henderson's claim against the City must be dismissed because he fails to allege facts demonstrating that an official policy or custom caused a violation of his federally protected rights.  *See Bd. of Cnty. Comm'rs of Bryan Cnty., OK v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  "[T]o hold a city liable under section 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted).  Absent any allegation of factual support, the mere assertion of a custom or policy is not sufficient to sustain a § 1983 claim against a municipality.  *See Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993).  Here, Henderson names the City of New York in the caption of his complaint, but does not allege any facts to support a *Monell* claim.  *See Dudley v. Meekins,* No. 13-cv-1851, 2013 WL 1681898, at *4 (E.D.N.Y. April 17, 2013) ("Plaintiff's Complaint cannot reasonably be interpreted to allege facts sufficient to show that any alleged injury was caused by any policy or custom of the City.").

3

C. *Claim Against Gomes*

A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat. Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). It is well-established that court-appointed attorneys like Gomes who are performing a lawyer's traditional functions as counsel to defendant do not act "under color of state law" and therefore are not subject to suit under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997); *Garcia v. City of New York*, No. 13-cv-4655, 2013 WL 153756, at *3 (E.D.N.Y. Jan. 14, 2013). Accordingly, Gomes is not a state actor and Henderson's § 1983 claim against her is dismissed.

CONCLUSION

For the reasons explained above, Henderson's claims against the City, the NYPD, the 113th Precinct, and Gomes are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C.§ 1915A(b). No summons shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect their dismissal. The United States Marshals Service is respectfully directed to serve a summons and the complaint upon the remaining defendant, Detective Kelly, without prepayment of fees. The Clerk of Court shall send a copy of this Order and plaintiff's

complaint to the Corporation Counsel of the City of New York and to Henderson.  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.


John Gleeson, U.S.D.J.


Dated:  February 20, 2014
        Brooklyn, New York